# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs December 7, 2010

## GEORGE FRANKLIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 02-08108      John P. Colton, Jr., Judge**

_____

**No. W2010-01327-CCA-R3-PC  - Filed March 25, 2011**

_____

The *pro se* petitioner, George Franklin, appeals the post-conviction court's dismissal of his petition for post-conviction relief as time-barred. The State acknowledges on appeal that the petition was timely filed because the petitioner delivered it to the appropriate prison official for mailing within the one-year statute of limitations. We agree. Accordingly, we reverse the judgment of the post-conviction court and remand for consideration of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

George Franklin, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; William L. Gibbons, District Attorney General; and Marlinee C. Iverson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The petitioner was convicted by a Shelby County jury of one count of second degree murder and nine counts of attempted second degree murder and was sentenced by the trial court to an effective sentence of one hundred and thirty-three years in the Department of Correction. State v. George Franklin, No. W2006-01204-CCA-R3-CD, 2008 WL 4613876, at *1 (Tenn. Crim. App. Oct. 15, 2008), perm. to appeal denied (Tenn. Mar. 16, 2009). This court affirmed the petitioner's convictions on appeal but modified his sentences, resulting

in an effective term of one hundred and two years in the Department of Correction. Id. at *10. On March 16, 2009, our supreme court denied the petitioner's application for permission to appeal. Id. at *1.

The petitioner filed a *pro se* petition for post-conviction relief on March 22, 2010. The State responded with a motion to dismiss on the basis that the petition was untimely, asserting that the petition was not delivered to the appropriate prison official for mailing until March 17, 2010. In support, the State attached a copy of the envelope in which the petition was mailed, which contains a date stamp that is very difficult to read but which could conceivably be read as March 17, 2010. On April 22, 2010, the post-conviction court entered an order dismissing the petition without the appointment of counsel or an evidentiary hearing on the basis that it was barred by the one-year statute of limitations. Thereafter, the petitioner filed a timely notice of appeal to this court.

## ANALYSIS

The Post-Conviction Procedure Act provides that a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final[.]" Tenn. Code Ann. § 40-30-102(a) (2006). When filed by or on behalf of a *pro se* petitioner incarcerated in a correctional facility, "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. Sup. Ct. R. 28, § 2(G). "Should timeliness of filing or service become an issue, the burden is on the pro se petitioner to establish compliance with this provision." Id.

As we have previously mentioned, the date stamp on the envelope in which the petitioner mailed his petition is very difficult to read. The date appears to us, however, to be "Mar 16" rather than "Mar 17," which would make the petition timely under the prison mailbox rule. This date is also consistent with the notarized affidavit of the prison mailroom supervisor, Kent Joy, which the petitioner attached to his appellate brief, who stated that the petitioner hand-delivered legal mail to the mailroom personnel on March 16, 2010. We, therefore, reverse the dismissal of the petition as time-barred and remand for the post-conviction court's consideration of the petition on the merits.

## CONCLUSION

Based on our review, we conclude that the petition for post-conviction relief was timely filed under the prison mailbox rule. Accordingly, we reverse the judgment of the post-

conviction court and remand for further proceedings consistent with this opinion.

_____

ALAN E. GLENN, JUDGE